[Cite as *State v. Webster*, 2014-Ohio-1645.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-634 (C.P.C. No. 12CR-508) |
| Wyteia R. Webster, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on April 17, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*W. Joseph Edwards*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Wyteia R. Webster ("appellant"), is appealing from his conviction of a charge of aggravated robbery with a firearm specification. He assigns a single error for our consideration:

> THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE JUDGMENT WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 3} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Id. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 4} Appellant was convicted of aggravated robbery in violation of R.C. 2911.01, which reads:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
>
> (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
>
> (3) Inflict, or attempt to inflict, serious physical harm on another.

(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:

(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;

(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.

(C) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree.

(D) As used in this section:

(1) "Deadly weapon" and "dangerous ordnance" have the same meanings as in section 2923.11 of the Revised Code.

(2) "Law enforcement officer" has the same meaning as in section 2901.01 of the Revised Code and also includes employees of the department of rehabilitation and correction who are authorized to carry weapons within the course and scope of their duties.

{¶ 5} Although the single assignment of error refers only to the manifest weight of the evidence, in his brief, counsel argues both weight of the evidence and sufficiency of the evidence. We, therefore, will address both.

{¶ 6} On June 27, 2011, Islam Basyouny was shot in the back while he was in a car with Monteria Watkins and Keith Griffea. Watkins and Griffea testified that they were planning to buy drugs from appellant. When appellant got in their car, he was asked to show the drugs before the buy. Appellant instead produced a gun and Basyouny was shot.

{¶ 7} Griffea stated that when appellant got in the car, appellant asked where the money was. When the men asked appellant to see the pills they were to buy, Griffea claims appellant put a gun in Griffea's face and said "give me the f-ing money."

{¶ 8} Basyouny then started to drive off. The gun fired and Basyouny was hit in the back. Appellant fled the car. Basyouny drove away.

{¶ 9}   No evidence indicated that appellant was not the person who had a gun in the car.  No evidence indicated anyone else was armed.

{¶ 10} The jury, upon hearing the evidence, might have thought the gun discharged accidentally when Basyouny quickly started to drive off.  This would explain the fact appellant was acquitted of the charges of murder and aggravated murder.  However, the testimony at trial clearly showed that appellant attempted to obtain the property of another (money) while armed with a deadly weapon.  The testimony clearly demonstrated the elements of aggravated robbery.  Since the gun discharged and did, in fact, kill Basyouny, the gun was operable and was a deadly weapon.

{¶ 11} The evidence was clearly sufficient to support a conviction for aggravated robbery with a firearm specification.  There really was no significant evidence to weigh against the prosecution's case.  The jury found Griffea and Watkins believable.  The physical evidence was not inconsistent with their testimony.  The conviction was not against the manifest weight of the evidence.

{¶ 12} The sole assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____